IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CR-00004-RJC

| | |
|---|---|
| USA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHAD V. JACOBS ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on the First Step Act of 2018, (Doc. No. 57), to which the government consents.

The defendant pled guilty to possessing with intent to distribute at least 50 grams of cocaine base and cocaine (Count Two) and using and carrying a firearm during and in relation to that drug trafficking offense (Count Three). (Doc. No. 15: Plea Agreement at 1; Doc. No. 27: Judgment at 1). The advisory guideline range for Count Two was the statutory mandatory minimum sentence of 120 months' imprisonment and 5 years' supervised release plus 60 consecutive months for Count Three. (Doc. No. 58: Supplemental Presentence Report at 1). The Court imposed a sentence at the mandatory minimum for each count. (Doc. No. 27: Judgment at 2).

Under the First Step Act, the advisory guideline range for Count Two is the reduced statutory mandatory minimum sentence of 60 months' imprisonment and at least 4 years' supervised release. (Doc. No. 58: Supplemental Presentence Report at 2). The defendant has approximately 142 credited months in the Bureau of Prisons (BOP). (Id.). Therefore, the defendant seeks a sentence of time served plus

up to ten days followed by 4 years' supervised release, to which the government consents. (Doc. No. 126: Motion at 1).

In exercising its discretion under the First Step Act, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 57), is **GRANTED** and the defendant's sentence for Count Two is reduced to the time served, plus up to ten days for the BOP to process his release, followed by 4 years' supervised release.[1]

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office (USPO), he shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the USPO, as a condition of supervised release. All other conditions remain unchanged.

---

[1] The Court assumes the BOP will apply the defendant's credited time first to satisfy the Count Three 60-month sentence, then apply the remainder to the Count Two time-served sentence, resulting in an aggregate sentence of time served, plus up to 10 days to process his release.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 4, 2019

Robert J. Conrad, Jr.
United States District Judge